[Cite as *State v. Wagner*, 2013-Ohio-383.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-120402 |
| | | TRIAL NO. B-1101992 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| MONTEZ WAGNER, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  February 8, 2013

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *James Michael Keeling*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Derek W. Gustafson*, for Defendant-Appellant.

Please note:  this case has been removed from the accelerated calendar.

SYLVIA S. HENDON, Presiding Judge.

{¶1} Defendant-appellant Montez Wagner appeals from the trial court's entry denying his motion to suppress. Because the trial court properly denied Wagner's motion to suppress, we affirm the judgment.

*Facts*

{¶2} Wagner and his cousin, Craig Hummons, were arrested for their role in the shooting of a taxicab driver after they failed to pay for their cab fare. Wagner was initially arrested and taken into custody by the Mount Healthy Police Department. But it was quickly determined that, due to the severity of the crime, the Hamilton County Sheriff's Department would handle the investigation. So Mount Healthy Police Sergeant Nick Michael transported Wagner from the Mount Healthy Police Department to sheriff's headquarters. During transport, Wagner stated that he wanted to tell Sergeant Michael what had happened. After being read his *Miranda* rights, Wagner discussed the shooting.

{¶3} After Wagner arrived at the sheriff's headquarters, Detective Brian Stapleton again read Wagner his *Miranda* rights before conducting an interview. And Wagner again gave a statement concerning the shooting to Detective Stapleton.

{¶4} Wagner was indicted for two counts of aggravated robbery with weapons specifications, robbery, attempted murder with a weapon specification, two counts of felonious assault with weapons specifications, and having a weapon while under a disability. Wagner filed a motion to suppress all statements that he had given to Sergeant Michael and Detective Stapleton on the ground that his *Miranda* rights had been violated. He additionally sought to suppress all evidence obtained as a result of his statements.

2

{¶5}   The trial court denied Wagner's motion to suppress.  Wagner pled no contest to, and was found guilty of, the first six counts of his indictment.  The charge for having a weapon while under a disability was dismissed.  Following merger of several offenses, Wagner received an aggregate sentence of ten years' imprisonment.

{¶6}   Wagner has appealed the trial court's denial of his motion to suppress.  Our review of a trial court's ruling on a suppression motion presents a mixed question of law and fact.  We must accept the trial court's findings of fact if they are supported by competent and credible evidence.  But we review de novo the trial court's application of the law to the relevant facts.  *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8.

### *First Miranda Warning*

{¶7}   In his first assignment of error, Wagner argues that the trial court erred in failing to suppress the statement that he had given to Sergeant Michael.

{¶8}   Sergeant Michael transported Wagner to sheriff's headquarters following his arrest.  During transport, Wagner stated that he wanted to tell Sergeant Michael about the shooting.  Sergeant Michael advised Wagner that he preferred Wagner wait and discuss the matter with a sheriff's investigator, but Wagner stated that he only wanted to speak with Sergeant Michael.  Sergeant Michael then read Wagner the required *Miranda* rights.  He asked if Wagner wanted to answer any questions, and Wagner responded negatively.  So Sergeant Michael stated, "Okay, but just so you know, you will have to tell me whatever you want to tell me, but I can't ask you any questions."  Wagner proceeded to discuss the shooting and said that it had been an accident.  He additionally told Sergeant Michael where the gun had been hidden.

{¶9} Wagner argues that this statement should have been suppressed because he had invoked his right to remain silent by stating that he did not want to answer any questions. We must determine whether Wagner's statement was sufficient to invoke his right to remain silent pursuant to *Miranda v. Arizona*, 384 U.S. 436, 479, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

{¶10} In *Berghuis v. Thompkins*, 130 S.Ct. 2250, 2260, 176 L.Ed.2d 1098 (2010), the United States Supreme Court held that a suspect's invocation of the right to remain silent must be unambiguous and unequivocal. Such a requirement "results in an objective inquiry that 'avoid[s] difficulties of proof and . . . provide[s] guidance to officers' on how to proceed in the face of ambiguity." *Id.*, quoting *Davis v. United States*, 512 U.S. 452, 458-459, 114 S.Ct. 2350, 129 L.Ed.2d 362 (1994). If a suspect makes a statement that is ambiguous or equivocal, or if the suspect provides no response, police are not required to end questioning. *Id.*

{¶11} Here, Wagner's statement that he did not want to answer any questions was not an unambiguous assertion of his right to remain silent. Wagner's statement must not be viewed in isolation, but rather in the context in which it arose. Wagner initiated the exchange with Sergeant Michael by stating that he wanted to discuss the shooting. Despite the officer's attempts to discourage him, Wagner maintained that he wanted to speak. But in an attempt to control the conversation, he told the officer that he did not want to answer any questions. So after being read his *Miranda* rights, Wagner explained his role in the shooting to Sergeant Michael but was not asked any follow up questions by the officer.

{¶12} We hold that Wagner's statement was not an unambiguous or unequivocal assertion of his right to remain silent. Rather, Wagner voluntarily

waived that right. The trial court properly denied Wagner's motion to suppress the statement given to Sergeant Michael. The first assignment of error is overruled.

### Second Miranda Warning

{¶13} In his second assignment of error, Wagner argues that the trial court erred in failing to suppress the statement that he had given to Detective Stapleton.

{¶14} After Wagner was transported to sheriff's headquarters, Sergeant Michael told Detective Stapleton that he had read Wagner his *Miranda* rights, and that Wagner had been cooperative. Detective Stapleton then again read Wagner the *Miranda* warning. Wagner signed the *Miranda* waiver and gave a statement to Detective Stapleton. Stapleton testified at the suppression hearing that Wagner had never indicated that he did not want to answer questions or that he did not want to speak.

{¶15} Wagner argues that his statement to Detective Stapleton should have been suppressed because he had previously asserted his right to remain silent after being read his *Miranda* rights by Sergeant Michael. Wagner cites *Maryland v. Shatzer*, 559 U.S. 98, 130 S.Ct. 1213, 175 L.Ed.2d 1045 (2010), arguing that he could not be re-interviewed immediately after he had asserted his fifth amendment right to remain silent. *Shatzer* concerned the renewed interrogation of a suspect after the Fifth Amendment right to have counsel present had been invoked. In *Shatzer*, the court imposed a 14 day break-in-custody rule. The court held that once a suspect had invoked his right to end questioning and to have counsel present, law enforcement officials could not initiate a re-interrogation of that suspect until the suspect had experienced a two week break in custody. *Id.* at 1222-1223.

{¶16} We find *Shatzer* to be inapplicable to the facts of this case. *Shatzer* concerned the renewed interrogation of a suspect after invocation of *Miranda* rights. Here, there was no initial invocation of the right to remain silent that would trigger the break-in-custody rule. Wagner waived his *Miranda* rights after being read those rights by Sergeant Michael. In an abundance of caution, Detective Stapleton re-read the rights to Wagner. This is not a situation in which a suspect was repeatedly questioned and read *Miranda* warnings in an effort to coerce the suspect into waiving previously asserted rights.

{¶17} Wagner had voluntarily waived his right to remain silent to Sergeant Michael. And he again voluntarily waived that same right when questioned by Detective Stapleton. The trial court did not err in failing to suppress the statement given by Wagner to Detective Stapleton. The second assignment of error is overruled.

### Suppression of Physical Evidence

{¶18} In his third assignment of error, Wagner argues that the trial court erred in failing to suppress any physical evidence recovered as a result of his statements. He cites *State v. Farris*, 109 Ohio St.3d 519, 2006-Ohio-3255, 849 N.E.2d 985, in support. In *Farris*, the Ohio Supreme Court held that "constitution[al] protections against self-incrimination extend to physical evidence seized as a result of *pre-Miranda* statements." *Id.* at ¶ 49.

{¶19} *Farris* is inapplicable to this case. All statements given by Wagner were made after Wagner had been read, and had voluntarily waived, his *Miranda* rights. Thus all evidence obtained as a result of Wagner's statements was lawfully

obtained. The trial court did not err in failing to suppress the physical evidence recovered following Wagner's statements.

{¶20} The third assignment of error is overruled, and the judgment of the trial court is affirmed.

Judgment affirmed.

**HILDEBRANDT** and **CUNNINGHAM, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.